IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAY M. JENKINS                                                                                               PLAINTIFF

v.                                       CIVIL NO. 5:24-CV-05037-CDC

MARTIN O'MALLEY, Commissioner
Social Security Administration                                                              DEFENDANT

### ORDER

Plaintiff appealed the Commissioner's denial of benefits to this Court. On July 8, 2024, the undersigned issued Judgment, reversing and remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 16 & 17).

**1.  Background**

On September 16, 2024, Plaintiff filed a motion seeking an award of $4,508.00 in legal fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF No. 18). Defendant responded on September 17, 2024, offering no objection to the Motion. (ECF No. 20).

**2.  Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified."). An EAJA application must be made within thirty

days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See*

*Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990).  Pursuant to General Order 39,[1] which references the CPI- South Index, the Court has determined that an enhanced hourly rate based on a cost-of-living increase is appropriate.

**3.     Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 17). Defendant has not objected to Plaintiff's prevailing party status or substantial justification. The Court finds the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Exhibits to Plaintiff's Motion itemize 24.30 hours of legal work – 20.50 hours of lawyer work and 3.8 hours by paralegals – conducted between January 9, 2024, and September 16, 2024. Fees were calculated by counsel using the hourly rates of $206 for counsel and $75 for paralegal time and total $4,508.00.  Attorney rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504.  Here, the Court finds the CPI-South Index authorized an hourly rate for legal work of $245 for 2024.  However, where counsel seeks a rate lower than the authorized rate, the Court uses the lower rate to calculate the fee award.   The paralegal rate of $75 per hour is the rate customarily approved by the Western District and will be applied here to paralegal work.

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2024 – 298.754 x 125 divided by 152.4 (December 2023 CPI – South) = $245.04 ~ $245.00.

Pursuant to the EAJA, a court must determine whether the award is reasonable.[2] *Blakeslee v. Social Security Administration,* 2024 WL 2012496, *1 (E.D. Ark. April 25, 2024). Here, after examination of the materials before it, the Court finds a fee award of $4,508.00 is reasonable for the results obtained and within the range of fees customarily awarded in this District following remand of a matter to the Commissioner.

The Court **GRANTS** Plaintiff's Motion for Attorneys' Fees (ECF No. 18) and awards Plaintiff fees in the sum of **$4,508.00,** representing 20.50 hours of legal work during 2024 at the hourly rate of $206 and 3.8 hours of paralegal work at the hourly rate of $75. Plaintiff's award of fees should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant but may be mailed to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**IT IS SO ORDERED** this 27th day of September 2024.

_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 2412(b). *See also Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 151–52 (1990) ("The key words chosen by the Congress when enacting the EAJA are 'a court shall' and 'unless the court finds.' These are clear words of direction from the Congress to the courts indicating that it is a court's responsibility to determine whether and at what level attorney's fees are appropriate in an EAJA case.... In accordance with the statutory terms, it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").